

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| MARINA B. VILLAGOMEZ, | ) | CIVIL CASE NO. 78-00009 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECISION GRANTING MOTION |
| | ) | TO DISMISS |
| CRESENCIA B. VILLAGOMEZ | ) | |
| and JESUS B. VILLAGOMEZ, | ) | |
| | ) | |
| Defendants: | ) | |

## DECISION GRANTING MOTION TO DISMISS

Defendant's motion to dismiss the complaint herein raises the question as to the meaning of the Commonwealth's Constitutional provision which states that the Commonwealth Trial Court "... has original jurisdiction over actions involving land..." (Article IV, Section 2). More specifically, what are "actions involving land" which must be tried in the Commonwealth Trial Court to the exclusion of all other courts.

Plaintiff, in opposing the motion urges that the intent of this constitutional provision is to vest exclusive authority for adjudication of title to land in the Commonwealth Trial Court, and since this case deals with enforcement of a lease or leases, or alternatively, damages by way of restitution rather than title, this Court, therefore has jurisdiction and is not precluded from hearing the case.

Unfortunately, the Constitution and the Trial Court Act of 1978 which created the Commonwealth Trial Court do not, on their face, provide any clues as to what was intended by the framers of the Constitution and the legislators who drafted the Act.

*Appendix "A".*

134

It can be said that the language of the **Constitution** cited herein is clear and unambiguous and means **exactly that which it** purports to convey, namely, that it encompasses **legal** and formal demands or forms of suits for recovery of that which has its basis for recovery from matters or controversies affecting or affected by rights, titles or interests in land.

In any event, we are not precluded from reaching into the history of the Marianas Constitution to assist us in ascertaining the intent of the framers of the Constitution when they proposed the language of Section 2 of Article IV.

We look then to the record of the Constitutional Convention. On October 21, 1976, Proposal No. 03 entitled "Proposal Regarding the Judicial Branch of Government" (Journal, Northern Marianas Constitution Convention, 1976, volume 1, page 27) is introduced and one of its purposes is to "provide for the creation of a court with jurisdiction over disputes involving land."

On that same date, Proposal No. 09[1] is introduced, part of which states: "Defines the jurisdiction of this Court (land court) to include matters of title, boundaries, easements, leases, inheritance, transfers, records and other matters with respect to the ownership of land and rights in land in the Commonwealth."

Proposals Nos. 03 and 09 were referred to the Committee on Governmental Institutions (pages 31 and 32 of the Journal) and were eventually reported out in Committee Recommendation No. 2 with the statement that "The Court would consider all land matters." (p. 54, Journal).

On October 28, 1976, the Convention resolved itself into the Committee of the Whole and as such unanimously adopted Committee Recommendation No. 2 (p. 68, Journal). The following day, the Chairman of the Committee on Governmental Institutions reported to the Convention that "On Delegate Proposal No. 09, 'A Proposal Regarding Special Court to Deal With Land Matters,' Your Committee Recommendation No. 2 made yesterday reflects favorably on the Proposal in its entirety." (p. 70, Journal).

--------------

(1. See also "The Georgetown Law Journal", vol. 65:1373, p. 1444 f.n.)

Article IV, Section 2 in its present form was adopted by
the Convention on November 27, 1976.  (p. 202, Journal)  In its
written report to the Convention regarding Committee Recommendation
No. 2, the Committee stated that "The proposed Section 2 requires
the creation of a specialized division within the Commonwealth
Trial Court to hear all land matters.  (p. 363, Journal, volume II)
Article IV, Section 2 in its present language granting to the
Commonwealth Trial Court "original jurisdiction over actions
involving land," must, therefore, in light of its history, reflect
the intent embodied in the Committee Recomendation No. 2 which
called for the land court to consider "all land matters" and which
Recommendation encompassed also Proposal No. 09 which defined its
jurisdiction to include, for example, leases.

This Court holds, therefore, that the District Court for
the Northern Mariana Islands does not have jurisdiction in actions
involving land; that the Commonwealth Trial Court has original
jurisdiction over land actions and that it extends beyond mere
adjudication of title to land; that "actions involving land"
include any dispute the resolution of which is, in whole or in
part, dependent upon a determination first being made of a
controverted claim to any right, title or interest in land.

This case, since it involves a resolution of the respective
rights of the parties to the same parcel of land as embodied in
disputed leases, falls within the jurisdiction of the Commonwealth
Trial Court.  Plaintiff's alternative prayer for damages by way
of restitution is to a large extent dependent upon rights or
interest in the land and cannot be resolved independently without
such determination first being made.

Accordingly, Defendant's Motion to Dismiss the Complaint
is granted without prejudice to plaintiff in filing this action
with the Commonwealth Trial Court.

DATED: Saipan, Northern Mariana Islands this _____ 22nd _____ day
    of MARCH, 1979.

_____
Judge of the above entitled Court

136